IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL KHASHAN | ) | |
| A78 370 072 | ) | Case No. |
| Plaintiffs, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate |
| U.S. DEPARTMENT OF HOMELAND | ) | FILED: JUNE 11, 2008 |
| SECURITY; SECRETARY MICHAEL | ) | 08CV3351 |
| CHERTOFF; UNITED STATES | ) | JUDGE KENDALL |
| CITIZENSHIP AND IMMIGRATION | ) | MAGISTRATE JUDGE COX |
| SERVICES; RUTH DORCHOFF, | ) | Jury Demand |
| DISTRICT DIRECTOR; | ) | |
| MICHAEL MUKASEY, US ATTORNEY | ) | |
| GENERAL AND THE UNITED STATES | ) | |
| OF AMERICA; FEDERAL BUREAU OF | ) | |
| INVESTIGATION, ROBERT MUELLER, | ) | |
| DIRECTOR. | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR HEARING ON NATURALIZATION APPLICATION

NOW COMES the Petitioner, Michael Mukasey, by and through his attorneys, Omar A. Abuzir, of Horn, Khalaf, Abuzir, Mitchell & Schmidt, LLC, and respectfully petitions this Court for hearing on naturalization application, and in support thereof, states as follows:

### STATEMENT OF ACTION

1.    This action is brought to compel action on Application for Naturalization ("N-400") properly filed with the United States Citizenship and Immigration Services ("USCIS") by the Plaintiff. To the Plaintiff's detriment, Defendants have failed to adjudicate the application.

1

## JURISDICTION AND VENUE

1.  This Court has jurisdiction under 8 U.S.C. § 1447(b) and Immigration and Nationality Act ("INA") Section 336(b). These provisions specifically provides for judicial review when the USCIS fails to make a decision on a naturalization application within 120 days after examination.

2.  This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. §1331; 28 U.S.C.§1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C.§§2201-2202.

3.  This action is brought to compel the Defendants, an officer and an agency of the United States, to perform the duties arising under the laws of the United States.

4.  This Court has jurisdiction to hear actions arising from claims that an agency or officer or employee of a government agency failed to act in its official capacity and the person to whom the duty was owed suffered a legal wrong. 5 U.S.C. §702.

5.  This action invokes the Plaintiffs' right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.

6.  This action is brought due to the repeated failure of the Defendants to perform their duty to adjudicate the Plaintiffs' N-400 Application for

Naturalization application within a reasonable amount of time.  Failure

to adjudicate said application has resulted in harm to the Plaintiff.

7.  The USCIS interviewed the plaintiff on his application for naturalization

on or about July 18, 2006.

8.  Venue is proper in the Northern District of Illinois because

Respondents reside in the Northern District of Illinois, a substantial part

of the activities complained of occurred in the Northern District of

Illinois, and petitioner resided in this judicial district.  See 8 U.S.C.

§1391(e).

9.  Plaintiff has exhausted all of his administrative remedies in this case as

required by 8 C.F.R. §336.9.

**PARTIES**

10. Plaintiff is a native of Israel, who has been a Lawful Permanent

Resident since June 11, 2001.  He has continuously resided in the

United States and has satisfied the residency requirements for

naturalization, has been a person of good moral character and has

demonstrated knowledge of the English language and U.S.

government and history as required by §316, 8 U.S.C.S. §1427.

11. Defendant Michael Chertoff ("Chertoff"), the Secretary for the

Department of Homeland Security ("DHS"), is being sued in his official

capacity only.  Pursuant to the Homeland Security Act of 2002, Pub. L.

107-296, Defendant Chertoff, through his delegates has authority to

adjudicate naturalization petitions filed with the United States

Citizenship and Immigration Services (USCIS) to accord them

citizenship under the provisions of §335 of the Immigration Act, 8

U.S.C.S. §1446.

12. Michael Mukasey ("Mukasey"), the Attorney General of the United

States, is being sued in his official capacity only.  Mukasey is

authorized to promulgate regulations governing the implementation

and administration of the Immigration and Nationality Act pertaining to

the naturalization of legal resident aliens and other qualified aliens.

13. Defendant Ruth Dorchoff ("Dorchoff"), is the District Director of

Chicago USCIS, is being sued in his official capacity only. Dorchoff is

charged with supervisory authority over all of Chicago USCIS

operations and USCIS agents and officers acting in their official

capacity.

14.  Defendant Robert Mueller ("Mueller"), is the Director of the Federal

Bureau of Investigations, is being sued in his official capacity.  Mueller

is charged with supervising authority over FBI operations and FBI

agents and officers acting in their official capacity.

## CAUSE OF ACTION

15. Plaintiff filed Form N-400, Application for Naturalization with the USCIS

on March 14, 2006 pursuant to §334 of the Immigration Act of 1990,

Pub. L. No. 101-649, 104 Stat. 4978, 8 U.S.C. §1445. SEE EXHIBIT

"A"

16. That on or about July 2006, Plaintiff was scheduled at the Chicago

Citizenship Office and was interviewed on his application for

naturalization.  Plaintiff had passed the tests of English, U.S. History

and Government and was advised that a decision will be forwarded to

the Plaintiff in the mail.

17. That Plaintiff and counsel have been informed by USCIS that due to

circumstances involving enhanced security procedures, USCIS has

been unable to completely process the Plaintiff's N-400 application.

18. Section 322, 8 U.S.C.S. §1443 (a) states in pertinent part:

(a) Rules and regulations governing examination of applicants.  The
Attorney General shall make such rules and regulations as may be
necessary to carry into effect the provisions of this chapter and is
authorizes to prescribe the scope and nature of the examination of
applicants for naturalization as to their admissibility to citizenship.
Such examination, shall be limited to inquiry concerning the
applicant's residence, physical presence in the United States, good
moral character, understanding of and attachment to the
fundamental principles of the Constitution of the United States,
ability to reads, write, and speak English, and other qualifications to
become a naturalized citizen as required by law, and shall be
uniform throughout the United States.

19. The regulation promulgated by the Attorney General, 8 C.F.R. §335.1

states as follows:

Investigation of applicant:

Subsequent to the filing of an application for naturalization, the Service
shall conduct an investigation of the applicant.  The investigation shall
consist, at a minimum, of a review of all pertinent records, police
department checks, and a neighborhood investigation in the vicinities
where the applicant has resided and has been employed, or engaged
in business, for at least the five years immediately preceding the filing
of the application.  The district director may waive the neighborhood
investigation of the applicant provided for in this paragraph.

Section 355.2, 8 C.F.R., states:

Examination of applicant.

(a) General.     Subsequent to the filing of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examination pursuant to §332.1 of this chapter.     The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization.  The applicant may request the presence of an attorney or representative who has filed an appearance in accordance with part 292 of this chapter.

(b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full background check of an applicant has been completed.  A definitive response that a full criminal background check on an applicant has been completed includes:

    (1)    Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;

    (2)    Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or

    (3)    Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

20. That the reasons given by Defendants are pretextual and have no basis in law or in any of the regulations promulgated by the Attorney General.  That the investigation of Plaintiff's petition for naturalization, including the criminal record check by the Federal Bureau of Investigation was completed prior to the examination of the Plaintiff and the Defendant's actions are solely intended to indefinitely frustrate

and deny citizenship to the Plaintiff.

21. That pursuant to §336, 8 U.S.C. §1447, Defendant Dorchoff was required to make a determination on Plaintiff's application for naturalization within 120 days following examination. That said period has expired.

**WHEREFORE**, Plaintiff prays that this court grant him the following Relief:

A. To hold a hearing on Petitioner's application for naturalization as required by §336, 8 U.S.C.S. §1447(b) on his application for naturalization;

B. To grant him citizenship pursuant to his application for naturalization;

C. Awarding Plaintiffs reasonable attorney's fees pursuant to 28 U.S.C. §2412 for failure of the Defendants to perform their duties within a reasonable amount of time; and

D. Granting such other relief at law and in equity as justice may so require.

Respectfully submitted,

By: _s/_____
        Omar A. Abuzir
        Stanley J. Horn
        Attorneys for Plaintiff

Horn, Khalaf, Abuzir, Mitchell & Schmidt, LLC
Attorneys for Plaintiffs
10003 S. Roberts Road
Palos Hills, Illinois 60465
(708)233-1122